ROLAND HUBBS, an Infant, by ROBERT K. HUBBS, His Guardian ad Litem, Appellant, *v.* BOSTON AND MAINE RAILROAD, Respondent.

ROBERT K. HUBBS, Appellant, *v.* BOSTON AND MAINE RAILROAD, Respondent.

(Argued October 24, 1922; decided November 22, 1932.)

*Lawrence B. McKelvey, Brenton T. Taylor* and *James J. McNaughton* for appellants. The plaintiff was not guilty of contributory negligence as matter of law, and there was an issue of fact in that regard. (*Horton* v. *N. Y. C. R. R. Co.*, 237 N. Y. 38; *Massoth* v. *D. & H. Co.*, 64 N. Y. 524; *Kellogg* v. *N. Y. C. R. R. Co.*, 79 N. Y. 72; *Zwack* v. *N. Y. L. E. Co.*, 160 N. Y. 362; *Hatch* v. *Terry*, 153 App. Div. 230; *Corbett* v. *Scott*, 243 N. Y. 66; *Martin* v. *Herzog*, 228 N. Y. 164; *Brown* v. *Shyne*, 242 N. Y. 176; *Carr* v. *Pennsylvania R. R. Co.*, 225 N. Y. 44; *Koster* v. *C. I. & B. R. R. Co.*, 165 App. Div. 224; *Smith* v. *N. Y. C. R. R. Co.*, 177 N. Y. 228; *Hart* v. *Ruduk*, 233 App. Div. 453; *Morse* v. *N. Y. C. R. R. Co.*, 102 App. Div. 497; *Kellogg* v. *N. Y. C. R. R. Co.*, 79 N. Y. 72; *Nelson* v. *Nygren*, 259 N. Y. 71.) The evidence of negligence was more than sufficient to demand that that issue also be submitted to and decided by the jury. (*Sipowicz* v. *Lehigh Valley R. R. Co.*, 189 App. Div. 715; 231 N. Y. 534; *Baker* v. *Lehigh Valley R. R. Co.*, 248 N. Y. 136; *Cannarozzo* v. *N. Y. St. Rys.*, 216 App. Div. 243.)

*Jarvis P. O'Brien* for respondent. The driver of the automobile was guilty of contributory negligence as a matter of law. (*Grimshaw* v. *Rutland R. R. Co.*, 205 App. Div. 155; *Fowler* v. *N. Y. C. & H. R. R. R. Co.*, 74 Hun, 144; *Cullen* v. *D. & H. Canal Co.*, 113 N. Y. 667; *Behrens* v. *N. Y. C. R. R. Co.*, 218 N. Y. Supp. 274; *Davis* v. *Pere Marquette R. R. Co.*, 216 N. W. Rep. 424.)

CROUCH, J. The plaintiffs are father and son. A north-bound automobile, owned by the father and driven by the son, was run down at a grade crossing by an east-bound freight train. Judgment for the plaintiffs entered upon verdicts by a jury were reversed and the complaints dismissed by the Appellate Division. Its decision rests " on the ground that there is no proof of negligence on the part of the defendant which contributed in any way to the accident; and that on the evidence the plaintiff

Roland Hubbs was guilty of contributory negligence in failing to have his car under the control which the conditions at the time required." (236 App. Div. 750.)

On the issue of negligence, the language of the decision implies acceptance of the jury's findings, amply supported by evidence, that the boy saw the train as soon as he could reasonably be expected to have seen it, and that his failure to hear it before he saw it was due entirely to lack of a timely signal or warning. It was held, however, that as matter of law there was no causal connection. That phase only of the negligence issue need be considered.

On December 30, 1930, at 1:30 in the afternoon, the boy, fifteen years of age, was driving north in a Pontiac car on a macadam road. There had been flurries of snow in the forenoon which had left the surface lightly covered. He had entered that road a quarter of a mile south of the crossing. There were patches of ice here and there on the macadam. He was driving from fifteen to twenty miles an hour. He was familiar with the locality and knew of the existence of the crossing. As he approached it he was both looking and listening. When he was sixty feet away, he saw the train coming at the rate of thirty-five or forty miles an hour. As soon as he saw the train he applied his brakes very lightly. Nevertheless, the car started to skid. At the left of the road was a line of concrete guard posts strung with wire cables. The car swung to the left and he steered it at one of the concrete posts located thirty-five feet from the nearest rail. The road from the point where the skid began to the railroad tracks was slippery with ice lightly covered with snow. The car hit the post and a telephone guy wire near it. Control of the car was then lost. It chipped a piece off the next post, was thrown back and went diagonally forward and across the highway, coming to a stop on the east-bound track, where the collision immediately followed.

The contention of the defendant, apparently adopted

by the Appellate Division, is that the failure to give warning of the train's approach may not be said to have contributed to the accident, since the boy, when he was sixty feet from the crossing, had all the notice which a warning signal would have given; and that a distance of sixty feet as matter of law affords reasonable opportunity for safety to any ordinarily prudent driver. Thus stated, the argument on causation seems to trench upon the field of contributory negligence, for the conclusion assumes that the boy was not an ordinarily prudent driver. It is reasonably clear that whether the conduct of the boy in applying the brakes and in handling the car thereafter was negligent or not, was a question for the jury.

The language of the decision below relates only to his conduct preceding the application of the brakes. He was negligent, it is said, in failing to have his car under the control which the conditions at the time required. The conditions were those not unusual in this climate in mid-winter. A macadam highway in good repair had on its surface, not a continuous coating of ice, but icy patches here and there. With no other traffic in sight and with no warning of an oncoming train, a car is driven over this highway at a speed of between fifteen and twenty miles an hour to a point sixty feet from a known railroad crossing. The driver is alert to the possibility of danger. At its first sign, he acts as the jury has found an ordinarily prudent driver would have acted. That the road from that point on was coated with ice was a fortuitous circumstance. Under the road conditions as they existed for a quarter of a mile back, it is not unlikely that the car could readily have been stopped. If the conduct of the driver here was negligence as matter of law, then to the physical danger of winter driving is added a hazard not heretofore known. The question of contributory negligence was, we think, properly submitted to the jury. By its finding, the boy was driving with ordinary care. Hence the failure of defendant to give

due warning of its oncoming train was a contributing cause, for had the warning been given when it should have been, the car prudently driven could have been stopped in time, or at least the jury could, as it did, so find.

In each case, the judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

POUND, Ch. J., KELLOGG and HUBBS, JJ., concur; CRANE, LEHMAN and O'BRIEN, JJ., dissent.

Judgment accordingly.