EDWARD SWINDEMAN, Appellant, *v.* PENNSYLVANIA RAILROAD COMPANY, Respondent.

Fourth Department, January 9, 1935.

*Francis J. Riordan,* for the appellant.

*Harold J. Adams* [*Percy R. Smith* of counsel], for the respondent.

CROSBY, J. Plaintiff was nonsuited upon the theory that he was guilty of contributory negligence as a matter of law. Taking his evidence at its best, as we are bound to do, defendant's train approached the crossing, at which the collision occurred, without giving any warning by bell or whistle. Plaintiff's care or lack of it must be determined in the light of that fact. It was dark, the road was icy and plaintiff testified that, after crossing the New York Central tracks, and within the eighty-eight feet between the Central tracks and those of defendant's railroad, he slowed down to a speed of only seven or eight miles an hour and that he looked both ways and saw no train approaching. There is testimony that some freight cars were standing upon a siding of defendant's road 200 or 300 feet from the crossing which, to some extent, cut off plaintiff's view in the direction from which the train was approaching. How much does not clearly appear. It is difficult, from the record, to discover just how good a view plaintiff had of the railroad tracks in either direction. Certain photographs used by defendant upon the cross-examination of plaintiff are not in the record, and those put in evidence by the plaintiff were taken in the night time and are of no use in showing the nature of the crossing and the view which plaintiff had of the railroad to his right and left.

Plaintiff's testimony is that, when he was only twenty-five feet from the railroad tracks, he first saw the train approaching only 100 to 150 feet away, that he put on his brake and skidded. To avoid the collision he turned his car in the direction in which the train was going and that he collided with the side of the locomotive and was carried down the track several hundred feet.

Plaintiff was perfectly familiar with the crossing and knew its dangers, but it cannot be said that, approaching the railroad tracks at a speed of eight miles an hour in the night time, with no signals to warn him of danger, charged him with contributory negligence as a matter of law. The slippery pavement was an unfortunate circumstance which should not be visited upon plaintiff alone.

Two of plaintiff's witnesses traveling in the direction opposite to the direction in which plaintiff was traveling saw the train a quarter of a mile from the crossing, and stopped and waited for the train to pass. The question naturally arises, why could not plaintiff have seen what his witnesses saw? The answer cannot be found in the record for the reason that there are no photographs,

and no clear testimony, to show whether or not plaintiff had as good a view of the tracks from his side as his witnesses had from theirs. The standing freight cars may be the answer. The record is altogether unsatisfactory, but we reach the conclusion that plaintiff's evidence, undisputed, presented a question of fact in regard to plaintiff's contributory negligence. The case is not unlike the recent case of *Hubbs* v. *Boston & Maine Railroad* (260 N. Y. 223).

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, CROSBY and LEWIS, JJ.

Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event.